J-S59012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRED MINOR | : | |
| | : | |
| Appellant | : | No. 3257 EDA 2018 |

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0402601-2004

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 23, 2019**

Fred Minor appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.[1]  Upon careful review, we affirm.

On September 2, 2004, a jury found Minor guilty of aggravated assault, robbery, burglary, and possessing an instrument of crime.  On October 20, 2004, the Honorable Albert John Snite, Jr., sentenced Minor to 18 to 36 years of imprisonment.  Minor timely filed a direct appeal, which he subsequently withdrew on March 30, 2005.  On September 16, 2005, Minor filed his first

_____

[1] Minor further filed a motion in this Court styled as a "Petition for Lord[']s Release[]," in which he requests "liberty, remission, pardon, clemency, amnesty, [and] sovereign immunity" based on various Bible verses.  **See** Petition/Motion, 10/21/19, at 1-2.  We are unable to grant the requested relief.

*pro se* PCRA petition. After appointed counsel filed a "no-merit" letter pursuant to the dictates of **Commonwealth v. Turner**, 522 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc), the PCRA Court dismissed the petition on June 11, 2007, and allowed counsel to withdraw. On March 19, 2008, this Court affirmed the PCRA court's dismissal. **Commonwealth v. Minor**, 953 A.2d 603 (Pa. Super. 2008) (Table) (unpublished memorandum).

Minor filed his second *pro se* PCRA petition on April 11, 2011, which the PCRA court dismissed as untimely on December 22, 2011. Minor did not appeal that dismissal. On October 14, 2014, Minor filed his third *pro se* PCRA petition, which the PCRA court dismissed as untimely on July 8, 2015. This Court affirmed that dismissal on June 10, 2016. **Commonwealth v. Minor**, 153 A.3d 1105 (Pa. Super. 2016) (Table) (unpublished memorandum).

On April 4, 2017, Minor filed the instant *pro se* petition, styled as a "Petition for Writ of Habeas Corpus Ad Subjiciendum." PCRA Petition, 4/4/17, at 1. The trial court construed his petition as cognizable under the PCRA.[2] On July 30, 2018, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, and on October 18, 2018, the court dismissed Minor's petition.

---

[2] **See Commonwealth v. Fahy**, 737 A.2d 214, 223-24 (Pa. 1999) (PCRA subsumes writ of habeas corpus; imposes timeliness requirement).

Minor filed a timely notice of appeal on October 30, 2018, followed by a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Minor raises the following issues for our consideration:

1. Did [the PCRA] court err and/or abuse it['s] discretion as a matter of law or [c]onstitutional law when it suspended [Minor's] privilege of habeas corpus?

2. Did [the PCRA] court err and/or abuse it['s] discretion as a matter of law or [c]onstitutional law when [it] dismissed [the Petition for Writ of Habeas Corpus Ad Subjiciendum] based on issues not cognizable to PCRA exceptions?

3. Did [the PCRA] court err and/or abuse it['s] discretion as a matter of law or Constitutional law when [it] assumed the court had the power to carry out, effect a result, order or execute any judgment, record, transcripts, or pronouncement (relating to 18 Pa.C.S.A. §§ 3701, 2702, and 3502) on [Minor]?

4. Did [the PCRA] court err or abuse it['s] discretion as a matter of law or [c]onstitutional law when [it] dismissed sound habeas corpus claims?

5. Did [the PCRA] court err and/or abuse it['s] discretion as a matter of law or [c]onstitutional law when [it] relied on rule making that abridges the substantive Bill of Rights grand jury fundamental basis of fairness?

6. Did [the] lower court err and/or abuse it['s] discretion as a matter of law or [c]onstitutional law when it assumed [it] had statutory authority to impose a penalty of imprisonment?

7. Did [the] lower court err and/or abuse it['s] discretion as a matter of law or [c]onstitutional law when [it] incorporated a motion for order to discharge [Minor] from Accelerated Rehabilitative Disposition and order for a filed certification from the Department of Corrections?

Brief of Appellant, at 14.

Before addressing the merits of Minor's claims on appeal, we must first determine whether his PCRA petition was timely. A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, three exceptions to the timeliness requirement, set forth in section 9545(b) of the PCRA.[3] Where the petitioner pleads and proves that he has met an exception to the time bar, the petition will be considered timely. 42 Pa.C.S.A. § 9545(b). A PCRA petition invoking one of these exceptions, however, "must be filed within 60[4] days of the date the claims could have

_____

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[4] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar

been presented." ***Commonwealth v. Hernandez***, 79 A.3d 649, 650 (Pa. Super. 2013); ***see*** 42 Pa.C.S.A. § 9545(b)(2). The timeliness requirements of the PCRA are jurisdictional in nature, and accordingly, a PCRA court cannot hear untimely petitions. ***Commonwealth v. Vega***, 754 A.2d 714, 718 (Pa. Super. 2000).

Minor's judgment of sentence became final on March 30, 2005, after he withdrew his direct appeal. 42 Pa.C.S.A. § 9545(b)(3); ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008) (judgment of sentence final under PCRA when defendant discontinues direct appeal). Therefore, the deadline for Minor's PCRA petition was March 30, 2006. The instant petition, filed more than eleven years after his judgment of sentence became final, is patently untimely.

None of Minor's seven claims acknowledges the PCRA's time-bar or attempts to plead and prove an enumerated exception. ***See*** Brief of Appellant at 1-14. Accordingly, the PCRA court was without jurisdiction to entertain Minor's petition. ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999) (the petitioner's "burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply.").

---

exception from 60 days to one year from the date the claim arises. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter. ***Id.*** at § 3. In this case, all of Minor's claims arose prior to the operative date of the amendment, so the 60-day period applies.

Because Minor has failed to plead and prove an exception to the PCRA's time bar, the PCRA court correctly determined that it lacked jurisdiction to address the claims raised by Minor in his serial PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003). We therefore affirm the PCRA court's order denying post-conviction relief.

Order affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/19